UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY,<br>Plaintiff,<br>v.<br>COBALT EQUIPMENT, INC., et al.,<br>Defendants. | Case No. 26-cv-02228-HSG (TSH)<br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

Plaintiff First-Citizens Bank & Trust Company ("First-Citizens") brings this action against Defendants Cobalt Equipment, Inc., The Knabe Family Revocable Trust (the "Trust"), Kathleen Robinson Knabe as an individual ("Ms. Knabe"), Robert Anton Knabe as an individual, Ms. Knabe in her capacity as Trustee of the Trust ("Ms. Knabe as Trustee"), and Mr. Knabe in his capacity as Trustee of the Trust (collectively, "Defendants") for monetary damages and an order granting First-Citizens possession of property. First Am. Compl. ("FAC") (ECF No. 22). Pending before the Court is First-Citizens's Motion for Default Judgment, which has been referred to the undersigned to prepare a report and recommendation. ECF Nos. 42 ("Mot."), 46. The undersigned requests supplemental briefing not to exceed five pages on whether First-Citizens adequately effected service of process on Ms. Knabe and Ms. Knabe as Trustee.

The undersigned's Notice Re: Default Procedure states that the party moving for default judgment must

> [e]stablish the adequacy of the service of process on the party against whom default is requested, including relevant provisions of Federal Rule of Civil Procedure 4 and the California Code of Civil Procedure.

ECF No. 48 at 4. In its Motion, First-Citizens argues that "Defendants were properly served with the summons and First Amended Complaint in accordance with Federal Rule of Civil Procedure 4.

United States District Court
Northern District of California

Each Defendant was served either personally or through an authorized agent." Mot. at 8:3–12. Specifically, First-Citizens asserts that (1) Ms. Knabe was "personally served pursuant to [FRCP] 4(e)(2)(A)"; and (2) Ms. Knabe as Trustee was served "personally" as trustee of the Knabe Trust "pursuant to [FRCP] 4(e)(2)(A) and Cal. Code Civ. Proc. § 416.90." ECF No. 53 at 6 (Proposed Findings and Conclusions). Thus, it appears First-Citizens argues that Ms. Knabe was served via personal service, and Ms. Knabe as Trustee was served via personal service and pursuant to California law. *See* Fed. R. Civ. P. 4(e)(2)(A) (explaining an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally"); Cal. Code Civ. Proc. § 416.90 ("A summons may be served on a person not otherwise specified in this article by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."). However, the undersigned does not see a basis for personal service regarding these two defendants; nor does the undersigned see how service was valid under California law. The undersigned notes that the proofs of service for Ms. Knabe and Ms. Knabe as Trustee reference "substitute service," "residence or usual place of abode," and "person of suitable age and discretion who resides there," but First-Citizens does not argue that this is a proper basis for service in its Motion or Proposed Findings and Conclusions. *See* ECF Nos. 18 (proof of service for Ms. Knabe), 27 (proof of service for Ms. Knabe as Trustee).

Accordingly, the Court **ORDERS** First-Citizens to file a supplemental brief by August 28, 2026, addressing whether service was proper on Ms. Knabe and Ms. Knabe as Trustee.

**IT IS SO ORDERED.**

Dated: August 24, 2026

THOMAS S. HIXSON
United States Magistrate Judge